DYK, Circuit Judge,
concurring in the denial of the petition for rehearing en banc, with whom
GAJARSA, Circuit Judge, joins.
I agree that this case does not warrant en banc review and write briefly to note that the dissent has misread the majority panel opinion.
The dissent suggests that the majority opinion here leaves private parties without an effective remedy for patent misuse against the government. With respect, this is not correct. As the panel majority holds, following prior decisions of this court, private parties have a right of action against the government for unauthorized use of a patent pursuant to 28 U.S.C. § 1498 (2000). What the panel majority holds is that (1) the rights against the United States under section 1498 are not greater than the rights against private parties in a suit for patent infringement; (2) there would be no claim for infringement against a private party under the circumstances of this case; and (3) (as the Supreme Court held in Schillinger v. United States, 155 U.S. 163, 169, 30 Ct.Cl. 480, 15 S.Ct. 85, 39 L.Ed. 108 (1894)) Congress has not created a separate parallel takings remedy in the Court of Federal Claims. We think it clear that, in enacting section 1498, Congress did not overrule Schilling-er by conferring jurisdiction over patent takings claims against the government, nor has the Supreme Court overruled Schillinger.
This decided lack of interest by the Congress and the Supreme Court in creating a takings remedy is perhaps not surprising given the fact that patent rights are created only by federal statute; that a Congressional decision to limit those rights is difficult to characterize as a taking of established property rights; and that Congress has in most situations created a right to sue the government for infringement damages equivalent to the right to sue private parties. The panel decision here, in rejecting the constitutional claim and in finding no infringement, is faithful to section 1498, to the decisions of the Supreme Court, and to the decisions of this court.